IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH JOSEPH MCCANN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ABDUL KAGBO, et al. | : | NO.  14-6949 |

### MEMORANDUM

**PRATTER, J.**                                                    DECEMBER /6 , 2014

Plaintiff Kenneth Joseph McCann, a prisoner incarcerated at the State Correctional

Institution at Mahanoy, brings this action pursuant to 42 U.S.C. § 1983, in connection with his

arrest and prosecution for assaulting a co-worker.  He seeks to proceed *in forma pauperis*.  For

the following reasons, the Court will grant Mr. McCann leave to proceed *in forma pauperis* and

dismiss his complaint with prejudice for failure to state a claim, pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).

### I.    FACTS[1]

Mr. McCann was involved in a physical altercation with his coworker, Abdul Kagbo, at a car

wash where they were working at the time.  Mr. McCann alleges that the supervisor/manager did

not report the incident to police or the owner of the car wash.  However, Mr. Kagbo filed a

complaint with police, claiming that Mr. McCann had assaulted him with a stick that had a screw

on the end.  It appears from attachments to the complaint that an officer recovered the stick,

which had blood on it, from the car wash.  In his write-up of the incident, the police officer noted

that Mr. Kagbo "suffered a small puncture wound to his left forearm," and that Mr. Kagbo was

transported to the hospital for treatment.  It appears that Mr. McCann was not at the scene when

---

[1] The following facts are taken from the complaint, documents attached to the complaint, and
publicly available dockets of relevant criminal proceedings in state court.

1

police arrived. Approximately two months after the altercation, he was arrested and charged with aggravated assault, among other things. *See* 18 Pa. Cons. Stat. § 2702; *Commonwealth v. McCann*, Docket No. CP-51-CR-0008783-2013 (Phila. Ct. Common Pleas).

Mr. McCann claims that Mr. Kagbo lied to the officers and contends that he was acting in self-defense because Mr. Kagbo bit him on the face. However, Mr. McCann's public defender informed him there was insufficient evidence to support a self-defense claim, even though Mr. McCann believes he can prove the claim with his medical records. Ultimately, Mr. McCann pled guilty to aggravated assault and was sentenced to a period of incarceration. He claims his attorneys "did nothing in [his] defense." His petition for post-conviction relief is currently pending in the Philadelphia Court of Common Pleas.

Mr. McCann filed this lawsuit against Mr. Kagbo, two supervisors at the car wash where the altercation occurred, several police officers/detectives, three public defenders, and the "F.O.P. Organization Agency Police." The Court understands him to be raising constitutional claims pursuant to § 1983, based on his arrest and prosecution for the assault. It also appears that Mr. McCann takes issue with the fact that an officer investigating the incident showed Mr. McCann's driver's license to someone "at the scene." He seeks monetary damages.

## II.    STANDARD OF REVIEW

The Court grants Mr. McCann leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

2

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted). The Court may also consider exhibits attached to the complaint and

matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

As Mr. McCann is proceeding *pro se*, the Court ~~must~~ will construe his allegations liberally. *Higgs v.*

*Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the

Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, nothing in the complaint provides a basis for concluding that Mr. Kagbo, the two

supervisors from the car wash, or Mr. McCann's attorneys are state  actors for purposes of §

1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act

under color of state law when performing a lawyer's traditional functions as counsel to a

defendant in a criminal proceeding.") (footnote omitted).  In any event, "to recover damages for

allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions

whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove

that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal authorized to make such determination, or called into

question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S.

477, 486-87 (1994) (footnote and citation omitted).  Mr. McCann seeks damages based on his

prosecution for assaulting Mr. Kagbo.  However, as Mr. McCann was convicted of aggravated

assault in connection with that incident, and as that conviction has not been invalidated, any

3

malicious prosecution claims—as well as any claims that counsel was ineffective—are not cognizable in a § 1983 action.

Although Mr. McCann's false arrest claim may be cognizable, *see Brown v. City of Phila.*, 199 F. App'x 107, 109 (3d Cir. 2006) (per curiam), that claim fails on its merits. To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. Here, the police had probable cause to arrest Mr. McCann for aggravated assault based on Mr. Kagbo's complaint and the bloody stick recovered from the scene. *See* 18 Pa. Cons. Stat. § 2702(a); *Commonwealth v. Lowery*, 784 A.2d 795, 802-03 (Pa. Super. Ct. 2001) (affirming conviction for aggravated assault when defendant repeatedly hit victim with a large wooden staff). Indeed, Mr. McCann does not dispute that he hit Mr. Kagbo with the stick. Instead, his argument appears to be that he did so in self defense after Mr. Kagbo bit him in the face. However, Mr. McCann's claim of self defense—assuming it was even known to the officers— did not defeat the "already-present probable cause" for his arrest. *Davis v. Malitzki*, 451 F. App'x 228, 234 (3d Cir. 2011); *see also Holman v. City of York, Pa.*, 564 F.3d 225, 231 (3d Cir. 2009) ("[G]enerally 'affirmative defenses are to be ruled upon by a court of competent jurisdiction.'" (quoting *Sands v. McCormick*, 502 F.3d 263, 269 (3d Cir. 2007))). Accordingly, his false arrest claim fails. Furthermore, the Court cannot discern any legitimate basis for a claim based on the fact that police officers may have used Mr. McCann's driver's license to identify him.

4

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Here, amendment would be futile because Mr. McCann cannot cure the deficiencies in his complaint. Accordingly, he will not be permitted to file an amended complaint.

## IV.    CONCLUSION

For the foregoing reasons, the complaint will be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order follows.